IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST John J. NIKOLAY,
Attorney at Law.

Supreme Court

*No. 88–0660–D. Filed November 11, 1988.*

(Also reported in 431 N.W.2d 173.)

PER CURIAM. *Attorney disciplinary proceed-ing; attorney publicly reprimanded.*

The referee recommended that Attorney John J. Nikolay be publicly reprimanded for misconduct consisting of accepting and continuing representation of clients in two matters when there was an apparent conflict of interest in the matters. The referee recommended that an allegation of similar misconduct in a third matter be dismissed for the reason that Attorney Nikolay withdrew from representation when the potential conflict of interest was pointed out to him. The referee also recommended that Attorney Nikolay be required to pay the costs of this proceeding.

We accept the referee's findings of fact and conclusions of law in this matter, as well as his recommendation for discipline. The court's rules of

professional conduct for attorneys prohibit a lawyer from accepting employment or continuing employment of two or more clients when the exercise of the lawyer's independent professional judgment in behalf of one client will be or is likely to be adversely affected by the representation of another client. SCR 20.28 (1986). Attorney Nikolay violated that proscription in two matters and his misconduct warrants discipline. Under the circumstances presented, we determine that the appropriate discipline is a public reprimand.

Attorney Nikolay was admitted to practice law in Wisconsin in 1949 and practices in Abbotsford and the law firm in which he practices also has offices in Medford and Colby. He has not previously been the subject of an attorney disciplinary proceeding. The referee is the Honorable Rodney Lee Young, reserve judge.

Based on a partial stipulation of facts and testimony presented at the disciplinary hearing, the referee made the following findings of fact. In August, 1983, a couple who were long-time clients consulted Attorney Nikolay after the man had been involved in an automobile accident for which he received a traffic citation. The couple asked whether they would have to delay a planned trip in order to appear in traffic court and, further, asked about their liability under the applicable traffic regulations. In that consultation, they discussed with Attorney Nikolay the nature and circumstances of the accident. Attorney Nikolay did not charge them for that consultation.

More than one year later, Attorney Nikolay undertook the representation of a passenger of the other vehicle involved in the accident about which his clients had consulted him and he filed a personal injury action on the passenger's behalf. Attorneys representing the cited driver asked Attorney Nikolay

whether he considered that he had a conflict of interest in continuing to represent the passenger in light of the fact that the driver had sought legal advice from him immediately following the accident. Attorney Nikolay responded that the driver's forfeiture to the traffic citation would be inadmissible in the civil trial and, accordingly, he believed he was not precluded from representing the passenger.

In that civil action, the driver's counsel moved to have Attorney Nikolay removed as attorney for the passenger because of a conflict of interest. At a hearing on that motion, there was testimony that the driver's rights had been prejudiced by Attorney Nikolay's representation of the passenger because the couple had consulted him after the accident and explained to him how the accident occurred. Attorney Nikolay told the court that, as there had been a formal offer to settle the case within the limits of the driver's insurance policy, he did not believe there was a conflict. The court ordered him to withdraw as attorney for the passenger.

The referee concluded that, by accepting and continuing representation of the passenger to recover damages for injuries sustained in the accident, without first obtaining the consent of his other clients, with whom he had an attorney-client relationship and with whom he had discussed essential elements of the accident and counseled on the applicable law and the right to forfeit on a traffic citation, Attorney Nikolay violated SCR 20.28(1986).

In another matter, in 1984 Attorney Nikolay filed a personal injury action on a behalf of a couple against a man, Edward Riegert, alleging damages as a result of an auto accident. The complaint demanded dam-

ages of $100,000—the policy limits of Mr. Riegert's insurance policy—plus medical expenses of $800.

Mr. Riegert was a long-time friend of John Nikolay and his brother, Frank, who was an attorney in the Nikolay law firm at the Colby office. Attorney Frank Nikolay had incorporated Mr. Riegert's business in 1978 and whenever Mr. Riegert needed legal services, he went to Attorney Frank Nikolay. In July, 1985, without Attorney John Nikolay's knowledge, Mr. Riegert had Attorney Frank Nikolay's office prepare a bankruptcy claim form for him.

Later that same month, Attorney John Nikolay filed a motion in the personal injury action seeking to increase the demand to $300,000. Because the proposed amended demand exceeded the limits of his insurance policy, Mr. Riegert, who up to that time had been represented by an attorney retained by his insurer, retained his own attorney to represent him. On August 6, 1985 Mr. Riegert's attorney wrote Attorneys Frank and John Nikolay, asking that John withdraw his motion to increase the demand because Mr. Riegert had a lengthy attorney-client relationship with Frank, which created a conflict of interest. Attorney John Nikolay declined to withdraw.

On October 15, 1985, following a hearing on the motion to increase the demand of the complaint, the court ordered Attorney John Nikolay disqualified from further representation of his clients in the action. Attorney Nikolay then filed a motion for reconsideration of that decision, and at the hearing on that motion, he argued that there was no conflict and implied that if the judge were to deny his original motion to increase the demand for damages, the problem of a possible conflict would be resolved. The court denied the reconsideration motion.

The referee concluded that a substantial attorney-client relationship existed between Attorney Frank Nikolay and Mr. Riegert when Attorney John Nikolay, a member of the same law firm, commenced the personal injury action against him. When Attorney John Nikolay filed a motion to increase the demand for judgment beyond the limits of Mr. Riegert's insurance policy, a serious conflict of interest arose for the reason that he could not continue to represent his clients, whose interest was adverse to Mr. Riegert, a client of his law partner. By continuing to represent those clients in the face of an apparent conflict of interest, the referee concluded, Attorney Nikolay engaged in professional misconduct, in violation of SCR 20.28(1986).

We adopt the referee's findings of fact and conclusions of law in this matter and determine that a public reprimand is appropriate discipline for Attorney Nikolay's professional misconduct. We also reject the objection to costs Attorney Nikolay filed in this matter, in which he contended that the costs attributed to Board counsel was excessive but did not support that contention with specifics. He also had sought a percentage reduction of the total costs of the proceeding on the basis that the district professional responsibility committee did not find that he had engaged in professional misconduct and because his conduct did not cause any harm to the persons involved.

IT IS ORDERED that Attorney John J. Nikolay is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order John J. Nikolay pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if

the costs are not paid within the time specified and absent a showing of his inability to pay the costs within that time, the license of John J. Nikolay to practice law in Wisconsin shall be suspended until further order of the court.

ABRAHAMSON, J., took no part.